J-S40014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN GREEN | : | |
| | : | |
| Appellant | : | No. 1795 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 18, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0011053-2013

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 31, 2025**

Appellant, Kevin Green, seeks review of the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (PCRA court). For the reasons below, we acknowledge the PCRA court's partial concession of error, vacate the judgment of sentence, and remand the case for a resentencing.

In 2014, Appellant was found guilty of several felony offenses committed during a home invasion.  He was sentenced to an aggregate prison term of 55 to 110 years, and the judgment of sentence was upheld on direct appeal.  ***See Commonwealth v. Green***, 149 A.3d 43, 45-47 (Pa. Super. 2016).

Appellant filed a petition for postconviction relief in 2017.  ***See*** 42 Pa.C.S.A. §§ 9541-9546 (Postconviction Relief Act (PCRA)).  PCRA counsel was appointed, and amended petitions were filed on Appellant's behalf in 2020

and 2021. In these petitions, Appellant asserted that his counsel had been ineffective at all stages of his trial, including sentencing.

The PCRA court granted partial relief on July 15, 2022, denying Appellant's ineffectiveness claims and some of his post-sentence motions, but directing that Appellant would receive a new sentencing hearing. Two of Appellant's prior convictions for kidnapping were also vacated. The resentencing took place in 2023, and throughout those proceedings, Appellant made additional new claims, which included a challenge to his prior record score calculation. The PCRA court heard extensive argument from the parties on these issues before ultimately sentencing Appellant to an aggregate prison term of 30 to 60 years.

Appellant filed post-sentence motions, *pro se*, despite being represented by PCRA counsel. While Appellant's filings were still pending, his PCRA counsel sought to withdraw from the case. Appellant also sought reconsideration of his sentence, and to supplement his *pro se* motions. The PCRA court allowed Appellant's PCRA counsel to withdraw, and new counsel was appointed. However, Appellant then indicated that he did not want legal representation, preferring instead to proceed as a *pro se* litigant.

The PCRA court denied further relief at that stage, and Appellant appealed from the new sentence and the denial of his PCRA claims of

ineffective assistance of counsel.[1]  On August 16, 2023, this Court remanded the case, directing the PCRA court to hold a hearing to determine whether Appellant had knowingly and voluntarily waived his right to counsel, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

A **Grazier** hearing was held on November 20, 2023, and it was found that Appellant's waiver of the right to counsel was voluntarily.  The Commonwealth responded to Appellant's *pro se* claims and disputed that any of the issues he had raised were meritorious.  However, the Commonwealth did not oppose another resentencing in which Appellant would have the benefit of a lower prior record score and guidelines range.

On March 6, 2024, the PCRA court sent a letter to the Office of the Prothonotary.  In the letter, the PCRA court indicated it found merit in the claim that the prior record score used at Appellant's sentencing held on April 18, 2023, was incorrectly calculated.  The PCRA court asked this Court to remand the case back for a resentencing on those grounds.

The parties each submitted appellate briefing after receiving multiple extensions.  Rather than consider the merits of the appellate issues before us, some of which concern the calculation of Appellant's prior record score, we will defer to the request of the PCRA court to remand the case for a

_____

[1] Appellant did not file a 1925(b) statement of issues complained of on appeal, and the PCRA court did not enter a 1925(a) opinion giving the reasons why the judgment of sentence, and its rulings on Appellant's PCRA claims, should be upheld.

resentencing.[2] Once Appellant has been resentenced, he will have the option of filing a new appeal and raising any claims which he believes would entitle him to relief. Appellant may then be directed to file a statement of issues complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025

---

[2] The Commonwealth has reiterated in its brief that it does not oppose a resentencing in which a lower prior record score may be applied. **See** Appellee's Brief, at 29-30.

- 4 -